<u>NOT FOR PUBLICATION</u>

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR HUGO ROJAS, | |
| Petitioner, | No. 26cv2414 (EP) |
| v. | **OPINION** |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | |
| Respondents. | |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus, D.E. 1 ("Petition"), seeking release from alleged unlawful detention by immigration authorities. Respondents filed an answer to the Petition. D.E. 4 ("Answer"). The Court, having reviewed all pleadings, motions, and supporting documents, and having determined that oral argument is unnecessary, *see* Fed. R. Civ. P. 78(b), L. Civ. R. 78.1(b), finds that Petitioner is unlawfully detained and entitled to release.

## I.    BACKGROUND

Petitioner, a citizen of Venezuela, entered the United States without inspection in July 2021. Petition ¶ 1; Answer at 1. Shortly after entering the United States, he was detained by the United States Border Patrol and then U.S. Immigration and Customs Enforcement ("ICE"), which then released Petitioner on an order of recognizance on July 19, 2021. D.E. 4-1 ("Form I-213") at 3. Petitioner was then arrested by ICE on or about October 11, 2025. Petition ¶ 2; Answer at 1. According to Respondents, Petitioner is detained without bond under 8 U.S.C. § 1225(b)(1).

Answer at 1–2.  ICE does not dispute that Petitioner lacks a criminal history in the United States. *See* Answer; D.E. 4-1 ("Form I-213") at 4 (listing "Criminal History" as "None known").

## II.    DISCUSSION

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence." *Walker v. Johnston*, 312 U.S. 275, 286 (1941). District courts also have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and the ability to grant equitable relief in the absence of an exclusive statutory review scheme. *See Semper v. Gomez*, 747 F.3d 229, 235 n.2, 242 (3d Cir. 2014).

### B.    Petitioner Is Unlawfully Detained in Violation of his Fifth Amendment Right to Due Process

Petitioner contends that he is unlawfully detained pursuant to an Executive change in enforcement policy, based on a novel interpretation of 8 U.S.C. § 1225(b) adopted by the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and subsequently rejected by the vast majority of District Courts. Petition ¶¶ 32–33 & n.1. Petitioner contends that his mandatory detention without a bond hearing under § 1225(b) violates due process and the proper remedy is his release from detention. *Id.* ¶¶ 6, 52.

Respondents contend that Petitioner is lawfully detained under § 1225(b)(1) because he entered the country without inspection or parole and was initially detained by immigration

2

authorities in the interior of the country without having been lawfully admitted.  *See* Answer at 2. However, Respondents acknowledge that their answer to this Petition relies on the same statutory interpretation arguments made, and rejected, in the prior § 1225(b) matters in this District and further acknowledge that this Petition asserts facts similar to those prior cases.  Answer at 1.  For the same reasons stated by this Court in *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025) and in this District by *Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628 (D.N.J. Dec. 3, 2025), the Court holds his mandatory detention under § 1225(b)(1) violates the statute and his Fifth Amendment right to due process.

Petitioner contends that release from custody is the proper remedy.  Petition ¶ 6. Respondents submit that if the Court finds Petitioner's detention unlawful, the only proper remedy is a bond hearing under § 1226(a).  Answer at 4.  The Court finds that release from detention is a proper remedy for Petitioner's unlawful detention.  *See*, *e.g.*, *Lliguicota v. Cabezas*, No. 25-17216, 2025 WL 3496300, at *2 (D.N.J. Dec. 5, 2025) (ordering immediate release where the "record contain[ed] no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents ha[d] not identified any basis under § 1226(a) that could support Petitioner's continued detention"); *Lopez v. Benitez*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("[G]iven the nature of the constitutional violation Mr. Lopez Benitez sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment *before* detaining him—any post-deprivation review by an immigration judge would be inadequate."); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

**III.    CONCLUSION**

Petitioner is unlawfully detained under § 1225(b).  The statute and his constitutional right to due process require his release from unlawful detention.  The Court will accordingly **GRANT** the Petition.  Respondents shall release Petitioner by 5:00 p.m. on March 21, 2026.  Respondents shall, within 3 days of his release, file a status report indicating compliance with this Order.  If Respondents subsequently arrest Petitioner by warrant under 8 U.S.C. § 1226(a), they must make the initial flight risk or danger to the community determination under 8 C.F.R. § 236.1(c)(8) and afford him a bond hearing pursuant to 8 C.F.R. § 236.1(d).

An appropriate Order follows.

Dated: March 20, 2026

Evelyn Padin, U.S.D.J.

4